[Civ. No. 6520. Second Appellate District, Division One.—May 5, 1931.]

MRS. H. G. CHAMBERS, Appellant, v. VICTOR W. WASHAM et al., Defendants; ALEX. CARRESE et al., Respondents.

Loucks & Phister for Appellant.

C. W. Pendleton and O. H. Myrick for Respondents.

CONREY, P. J.—It is admitted that the defendants executed a promissory note in favor of the plaintiff for the principal sum of $1,050, and that the note has not been paid. It follows that the plaintiff is entitled to judgment unless her right thereto has been defeated by the facts stated in an affirmative defense set up in the answer. This defense as stated in the answer is to the effect that the defendants Washam and Carrese, together with one J. B. Jamison, were engaged together in business, and that it became necessary in furtherance of the objects of such business to borrow a certain sum of money; that Jamison informed his partners that he could borrow this money from his sister, the plaintiff, if a promissory note was executed by the three partners and further secured by the signature of the defendant Arduino; that it was agreed between the three partners that if said money could be obtained the three partners and Arduino would execute and deliver to the plaintiff their promissory note therefor; that Jamison agreed with defendants to sign the note but failed to do so; that the note having been signed by the defendants was delivered by the defendants to Jamison for his signature and for delivery to the plaintiff. By its finding relating to this affirmative defense, the court found in accordance with the answer as above stated. Nevertheless, the court further found "That at no time did these defendants, or either of them, receive from the said plaintiff, or any one on her behalf, the sum of $1,050.00 mentioned in said promissory note, or any part thereof," and found also that said note was void, there being no consideration therefor on the part of said defendants. Accordingly judgment was entered in favor of the defendants Carrese and Arduino. The record shows that default was entered against Washam for failure to answer, but the record is silent as to any further action taken as to Washam.

The testimony of the plaintiff shows that she loaned the money by sending it to said Jamison, who advised her, "That Mr. Washam and Mr. Carrese would use the money loaned to them in the business they were conducting at that time." We are of the opinion that the answer did not state any defense to the action, and that the facts as found

by the court do not constitute a valid defense. It is admitted both by the answer and the findings that the money was to be borrowed for use in the business of the partnership. When the defendant partners signed the note and left it with Jamison to be used in connection with the obtaining of the loan, they constituted him their agent for those purposes. The fact that Jamison acted in bad faith toward his partners by failing to affix his own signature to the note should not afford any defense to the defendants as against the plaintiff, who loaned the money on the faith of the note as delivered to her. It does not appear that plaintiff had any knowledge of the agreements of the defendants with Jamison concerning the note. When she delivered the money to Jamison she was delivering it to the partnership and to the several members thereof. As far as Arduino is concerned he was acting for accommodation of his comakers of the note and no direct consideration to him was necessary.

The judgment is reversed, with directions to the lower court to enter judgment in favor of the plaintiff and against the defendants for the principal amount of the note together with interest and a reasonable allowance to be made for attorney fees. The court may, if necessary, take additional evidence for its information concerning the proper amount of such attorney fees.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 2, 1931, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal was denied by the Supreme Court on July 2, 1931.